UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DIEGO ANÍBAL ALIAGA PEÑA,

Petitioner,

v.

SIXTO MARRERO, Warden, Imperial Detention Facility, et al.,

Respondents.

Case No.:  26-CV-3279 JLS (MSB)

**ORDER REQUIRING SUPPLEMENTAL BRIEFING**

(ECF No. 1)

Presently before the Court is Petitioner Diego Anibal Aliaga Pena's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 7) and Petitioner's Traverse ("Traverse," ECF No. 8).  Petitioner, a citizen of Peru, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility since February 25, 2026.  Pet. ¶ 10.  Petitioner entered the United States without inspection on November 4, 2023, and was later detained by border patrol officers.  *Id.* ¶¶ 1–2.  The border patrol officers released Petitioner on his own recognizance.  *Id.* ¶ 3. Petitioner applied for asylum, withholding of removal, and CAT protection.  *Id.* ¶ 5.  While living in the U.S., Petitioner was charged with first-degree murder, second-degree murder, inflicting injury on a

26-CV-3279 JLS (MSB)

cohabitant resulting in a traumatic condition, and battery to a cohabitant. *Id.* ¶¶ 6–9. On August 21, 2025, a jury found Petitioner not guilty of all charges except for battery to a cohabitant, for which he served an 180-day sentence. *Id.* ¶¶ 6–10. Following his sentence, Petitioner was immediately transferred to ICE custody. *Id.* ¶ 10.

Petitioner argues that his re-detention following his criminal sentence was without notice or justification. *Id.* ¶ 10. Therefore, Petitioner seeks release on due process grounds, or in the alternative, a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 11–12. Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2); however, Respondents do not oppose providing a bond hearing in this case. Ret. at 3–4. While Respondents do not oppose providing a bond hearing, they do oppose an order directing release. *Id.* at 4.

The Court has granted release in cases where a petitioner was not provided notice or justification for the revocation of their parole. *See, e.g.*, *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026). Here, however, the Court requires additional information as to whether Respondents provided sufficient notice to Petitioner that his OREC was revoked. The Court also requires additional briefing as to (1) why release, given Petitioner's conviction, may not be appropriate in this case, and (2) if release is not appropriate, under which provision—§ 1226(a) or § 1225(b)(2)—granting a bond hearing would be proper. Accordingly, Respondents **MUST FILE** supplemental briefing <u>on or before June 26, 2026</u>. Petitioner **MAY FILE** a response <u>on or before July 6, 2026</u>.

**IT IS SO OREDERED.**

Dated:  June 15, 2026

Hon. Janis L. Sammartino
United States District Judge

2

26-CV-3279 JLS (MSB)