UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO ANÍBAL ALIAGA PEÑA,<br><br>Petitioner,<br><br>v.<br><br>SIXTO MARRERO, Warden, Imperial Detention Facility, et al.,<br><br>Respondents. | Case No.: 26-CV-3279 JLS (MSB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Diego Anibal Aliaga Pena's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 7) and Petitioner's Traverse ("Traverse," ECF No. 8). The Court also required supplemental briefing as to the proper relief in this case. *See* ECF No. 10 ("Resp. Br."); ECF No. 11 ("Pet. Br."). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Peru, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility since February 25, 2026. Pet. ¶ 10. Petitioner entered the United States without inspection on November 4, 2023, and

was later detained by border patrol officers. *Id.* ¶¶ 1–2. The border patrol officers released Petitioner on his own recognizance. *Id.* ¶ 3. Petitioner applied for asylum, withholding of removal, and CAT protection. *Id.* ¶ 5. While living in the U.S., Petitioner was charged with first-degree murder, second-degree murder, inflicting injury on a cohabitant resulting in a traumatic condition, and battery to a cohabitant. *Id.* ¶¶ 6–9. On August 21, 2025, a jury found Petitioner not guilty of all charges except for battery to a cohabitant, for which he served an 180-day sentence. *Id.* ¶¶ 6–10. Following his sentence, Petitioner was immediately transferred to ICE custody. *Id.* ¶ 10.

Petitioner argues that his re-detention following his criminal sentence was without notice or justification. *Id.* ¶ 10. Therefore, Petitioner seeks release on due process grounds, or in the alternative, a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 11–12. Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2); however, Respondents do not oppose providing a bond hearing in this case. Ret. at 3–4. While Respondents do not oppose providing a bond hearing, they do oppose an order directing release. *Id.* at 4.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner seeks release from detention, or a bond hearing in the alternative, on the basis that summary revocation of his Order of Recognizance ("OREC") "without a showing that he poses a flight risk or danger to the community" violates the Due Process Clause of the Fifth Amendment.  Pet. ¶¶ 11–12.  Respondents argue that release is not the proper remedy because of Petitioner's recent criminal conviction of battery to a cohabitant. Ret. at 4.  The Court agrees with Respondents.  Given Petitioner's conviction for a violent offense, his liberty interest in remaining out of custody is diminished such that a pre-deprivation hearing was not required to satisfy due process.  A post-deprivation bond hearing—in which a showing will be made as to whether Petitioner poses a flight risk or is a danger to the community—satisfies the Due Process Clause in this case.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001).  "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'"  *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that

26-CV-3279 JLS (MSB)

individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner was released on his own recognizance upon entering the United States. Pet. ¶ 3. Petitioner is not a newly arrived noncitizen seeking admission at the border, as Petitioner has been in the United States since 2023. *Id.* ¶ 1. Petitioner is not merely an "applicant for admission" at the border with minimal due process rights; Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1128 (E.D. Cal. 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

26-CV-3279 JLS (MSB)

First, as discussed above, Petitioner has a liberty interest in remaining out of custody pursuant to his OREC. *See Zadvydas*, 533 U.S. at 690; *Morrissey*, 408 U.S. at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, however, the risk of an erroneous deprivation of any such interest is lower here, as Petitioner violated the conditions of his OREC by committing a violent crime. *Cf. Zvorygina v. Larose*, No. 26-CV-980 JLS (DEB), 2026 WL 673820, at *3 (S.D. Cal. Mar. 10, 2026) (explaining that "the risk of an erroneous deprivation of such interest is high" where the petitioner "ha[d] no criminal record" and "ha[d] not been arrested or otherwise in criminal trouble"); *see also Morrissey*, 408 U.S. at 482 (finding that a parolee has a protected interest in their "continued liberty," resting on the "implicit promise that parole will be revoked only if he fails to live up to the parole conditions"); Resp. Br. at 2 (first citing *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025); then citing *Zinermon v. Burch*, 494 U.S. 113, 132 (1990)).

The Court acknowledges Petitioner's argument that his liberty interest is not "extinguished" or "automatically nullifie[d]" by an "arrest alone," Pet. Br. at 8; however, Petitioner advances no persuasive arguments that violating his OREC in no way affects his "protected interest in . . . 'continued liberty,'" *Morrissey*, 408 U.S. at 482, or does not constitute materially changed circumstances to take into account when evaluating the required process before re-detaining Petitioner, *see generally* Pet.; Pet. Br. And here, Petitioner was not merely arrested: he was charged with first-degree murder, second-degree murder, inflicting injury on a cohabitant resulting in a traumatic condition, and battery to a cohabitant, and ultimately convicted of battery to a cohabitant. Pet. ¶¶ 6–9. The risk of erroneous deprivation is therefore diminished by Petitioner's violations of the conditions of his release in committing a violent offense. *See YOE C. HERNANDEZ MARTINEZ, Plaintiff, v. J. JOHNSON et al., Defendants.*, No. 5:26-CV-02505-SB-JDE, 2026 WL 1772737, at *3 (C.D. Cal. June 12, 2026) ("Even assuming that Petitioner has a significant liberty interest, the circumstances have changed materially since he was paroled: he was

convicted of an aggravated felony and was ordered removed to Cuba. He has therefore failed to show that the available process is insufficient to protect his due process rights or that his current detention violates the Fifth Amendment." (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)); *Castro v. Larose*, No. 26-CV-02203-BAS-MMP, 2026 WL 1075686, at *3 (S.D. Cal. Apr. 20, 2026) (finding that the petitioner's re-detention was not "arbitrary" given "two convictions for driving under the influence" and that "DHS could legitimately determine that [the] [p]etitioner poses a danger to the community and revoke his parole").

Thus, under the third factor, the government's interest in detaining Petitioner without a pre-deprivation hearing weighs against outright release. Respondents submit that the government "has a strong interest here, where Petitioner not only failed to comply with his conditions under OREC, but he also admitted committing violent acts, and was convicted of assaulting his former romantic partner." Resp. Br. at 3. As the due process analysis "must account for the government's countervailing interest in immigration enforcement," *Rodriguez Diaz*, 53 F.4th at 1205–06, the Court agrees that the government's interest under this factor is strong given Petitioner's failure to comply with the conditions of his OREC.

Balancing the factors, the Court finds that a post-deprivation bond hearing under 8 U.S.C. § 1226(a)—which Respondents do not oppose, Resp. Br. at 4—provides Petitioner with sufficient process. Accordingly, the Court **DENIES** the Petition to the extent it seeks release and **GRANTS** the Petition to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL BEAR** the burden of demonstrating, by clear and convincing evidence, that the non-citizen is a danger to the community or a flight risk. *See* Resp. Br. at 4 ("Respondents acknowledge that

26-CV-3279 JLS (MSB)

courts have held that where the government initiates re-detention of an individual previously released from immigration custody after their initial detention, the government should bear the burden of proof by clear and convincing evidence.").  The Court **DENIES** the Petition to the extent that Petitioner requests to be released from custody.  The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by August 13, 2026.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

    **IT IS SO ORDERED.**

Dated:  July 23, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-3279 JLS (MSB)